NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

MARTHA E. MARSHALL, PETITIONER, v. MARGARETTA S. PYNE, RESPONDENT.

**Death of Chauffeur Employe—Alleged Defective Heart of Driver Not Sustained—Car Apparently Defective**

For the petitioner, *Bayard Stockton*.

For the respondent indemnity company, *Charles S. Gray*.

This is a claim under the Workmen's Compensation act of the state, in which the petitioner seeks compensation for the death of her husband, which she asserts was caused while acting as chauffeur and driving the car of the respondent. It appears that while returning to Princeton from Philadelphia, a mile or two before reaching the Delaware river, the car drifted to the right, the two right wheels leaving the paved highway and traversing the dirt for approximately sixty feet, until the front right wheel struck the embankment, possibly four feet in height, whereupon the car upset toward the left, throwing the chauffeur to the road, where he was pressed to the ground by the roof of the car. The chauffeur spoke once or twice while being released and placed in a passing car, in which he was taken to St. Francis Hospital, in Trenton, where he died about six minutes after being admitted. The car was described as being a heavy one, with

open front but enclosed rear seat. It was testified that the beading of the roof was broken at the point where it was stated to have rested on the back of the deceased.

The defense endeavored to establish that the upset was caused by illness on the part of the driver due to heart trouble, but nothing definite was presented, other than testimony that the deceased, upon taking out an insurance policy, was required to pay a slightly larger premium due to a heart condition. The coroner's physician, present at the request of the respondent, testified that at the autopsy he found no marks of injury. After eliminating other causes the cause of death was given as chronic myocarditis.

The intern at the hospital testified to the finding of discolored back and three broken ribs. It was his opinion also that internal injuries had been sustained.

The man who brought in the disabled car with a wrecking car testified that the steering wheel would not operate the front wheels, and two men from the repair shop to which the car was taken testified that a nut which held together two parts of the steering gear was missing. That it could not possibly have been knocked off at the time of the accident without stripping or otherwise mutilating the threads, which threads showed no injury, but were in perfect condition, and that without this nut to hold the steering mechanism intact the driver would be utterly helpless to control the car.

According to the testimony of the respondent the deceased had been in good health and had never lost a day during the two years he had been in her employ. It is inconceivable that of the two years that this man had driven this car something should independently go wrong with him and with the car at the one identical moment. It was utterly impossible for a heart attack on the part of the driver to cause the nut to drop off of the steering gear. It is entirely possible that the realization of a disconnected steering gear might have caused a heart attack.

The conclusion is inescapable that the proximate cause of this man's death was the absence of the lost nut from the steering gear. I am unable to see what purpose is conserved

by a hair-splitting analysis as to whether the man's ribs were not strong enough to sustain the weight of the heavy car without breaking, or his heart was not strong enough to stand the shock of being thrown to the ground by the upsetting of the car which endangered the lives of three other persons.

An order will be drawn in favor of the petitioner.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*